# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01073-CMA-NRN

THE AARON H. FLECK REVOCABLE TRUST, through its Trustees,

Aaron H. Fleck and Barbara G. Fleck,

THE BARBARA G. FLECK REVOCABLE TRUST, through its Trustees,

Aaron H. Fleck and Barbara G. Fleck,

AARON FLECK, and BARBARA G. FLECK, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

FIRST WESTERN TRUST BANK,

CHARLES BANTIS, and

ANDREW GODFREY,

    Defendants.

## FINAL PRETRIAL ORDER

**1.   DATE AND APPEARANCES**

A telephonic Final Pretrial Conference is set for July 13, 2023, at 10:30 a.m. before United States Magistrate Judge N. Reid Neureiter. The parties are represented by the following counsel:

| | |
|---|---|
| Richard B. Podoll. | Timothy R. Beyer |
| Robert A. Kitsmiller | Adam B. Stern |
| PODOLL & PODOLL, P.C. | BRYAN CAVE LEIGHTON PAISNER LLP |
| 5619 DTC Pkwy, Suite 1100 | 1700 Lincoln Street, Suite 4100 |
| Greenwood Village, Colorado 80111 | Denver, Colorado 80203 |
| (303) 866-4000 | (303) 861-7000 |
| rich@podoll.net; bob@podoll.net | tim.beyer@bclplaw.com; adam.stern@bclplaw.com |
| Attorney for Plaintiffs | Attorney for Defendants |

## 2. JURISDICTION

Based upon Defendants' representations, this Court possesses subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (1) at least one member of the putative class was of diverse citizenship from at least one defendant, (2) the putative class consisted of at least 100 members, and (3) the amount in controversy exceeded $5,000,000.  *See* Dkt. No. 1 (Notice of Removal).

## 3. CLAIMS AND DEFENSES

**Plaintiffs:**

In 2018, Plaintiffs hired First Western Trust Bank ("FWTB") to manage two revocable trusts that held approximately $8 million in assets. In the course of its management for a little over a year, FWTB failed to communicate with the Flecks, failed to competently invest the trust assets, failed to execute explicitly-requested tax transactions, had no policy or procedure in place to harvest capital losses, and failed to provide even basic oversight of distributions.

Its actions constituted both gross negligence and willful misconduct. FWTB's handling of the Fleck's accounts was deceptive, confusing, and manipulative. FWTB breached its duties of loyalty, disclosure, competence, and avoidance of self-dealing. Such conduct was in violation of FWTB's fiduciary and contractual duties. FWTB's contracts did not and could not have subsumed FWTB's fiduciary duties and the economic loss rule is not a bar to these claims.

One of the most egregious examples of FWTB's gross negligence was its failure to harvest short term capital losses at the end of the year. In January of 2019, Plaintiffs learned that FWTB had no policy to harvest short term losses. This in and of itself, is a breach of fiduciary duty in a managed fiduciary account.

**Defendants:**

Aaron Fleck and Barbara Fleck (the "Flecks") provided First Western Trust Bank ("FWTB") $8 million to invest on behalf of their Trusts (the Aaron H. Fleck Revocable Trust and Barbara H. Fleck Revocable Trust) for less than one year. FWTB grew that money during a period of market turbulence, and then transferred it to another bank at the Flecks' request. The Flecks complain that FWTB should have made them more money. But FWTB invested in accordance with a detailed investment strategy set by the three contracts the Flecks signed and approved before providing their funds to FWTB: the Investment Policy Statement ("IPS"), the Investment Services and Custody Agreement (the "Investment Agreement"), and the Fee Schedule Agreement (the "Fee Agreement").

FWTB is not liable because it complied with the IPS, the Investment Agreement, and the Fee Agreement. FWTB's investment selection followed the asset class parameters set by the IPS. FWTB had ample justification not to sell all of Plaintiffs' securities with paper losses in 2018 because, among other reasons, FWTB was using a long-term investment strategy, Aaron Fleck told FWTB that he had not paid taxes in fifteen years, and Mr. Fleck never instructed FWTB to take additional losses (as he admitted in March 2019). FWTB provided the Flecks with quarterly custodial statements as required by the IPS and the Investment Agreement. FWTB only charged the Flecks fees permitted by the Fee Agreement. FWTB transferred all of the Flecks' assets to Citi Private Bank at the Flecks' requests in May 2019. And FWTB did not act with gross negligence or willful misconduct, which is a prerequisite for liability as stated in the IPS and the Investment Agreement.

3

Regardless, Plaintiffs were not harmed by the alleged misconduct. Plaintiffs' investments matched or outperformed the asset classes that FWTB was required to invest in under the IPS. And Plaintiffs would not have benefitted from additional tax loss harvesting because they paid minimal taxes in 2018 and 2019, and any tax benefit would have been offset by capital gains the Flecks would have incurred by lowering their cost basis (which would have been a byproduct of further tax loss harvesting).

Additionally, as explained in Defendants' pending Motion for Summary Judgment, Plaintiffs' claims for fraudulent inducement and fraudulent concealment fail as a matter of law because Defendants did not mislead Plaintiffs. Moreover, Plaintiffs' claim for breach of fiduciary duty is barred by Colorado's economic loss rule because any alleged fiduciary duties are subsumed by the more specific duties set forth in the parties' detailed contracts.

## 4. STIPULATIONS

1. Plaintiff, the Aaron H. Fleck Revocable Trust ("Aaron Fleck Trust") was a revocable trust with an address in Colorado at 1481 Sierra Vista Drive, Aspen, Colorado 81611.

2. Plaintiff, the Barbara G. Fleck Revocable Trust ("Barbara Fleck Trust"), was a revocable trust with an address in Colorado at 1481 Sierra Vista Drive, Aspen, Colorado 81611.

3. Defendant, First Western Trust Bank is a state chartered commercial bank in good standing with the principal address in Colorado at 1900 16th Street, Suite 1200, Denver, Colorado 80202.

4. Defendant Charles Bantis is the Market President of FWTB's Aspen branch.

5. Defendant Andrew Godfrey was a Wealth Advisor at FWTB.

6. On May 8, 2018, the Flecks executed the Investment Services and Custody

Agreement, the Investment Policy Statement, and the Fee Schedule Agreement.

**5. PENDING MOTIONS**

    1.    Defendant's Motion for Partial Summary Judgment filed May 15, 2023. Response by Plaintiffs filed June 26, 2023.

**6. WITNESSES**

a.    List the nonexpert witnesses to be called by each party. List separately:

    1.    Plaintiffs Witness List—Exhibit A, hereto

    2.    Defendant's Witness List—Exhibit B, hereto

    3.    witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

        i.    Plaintiffs—None

        ii.    Defendants—None

b.    List the expert witnesses to be called by each party. List separately:

    1.    Witnesses who will be present at trial:

        i.    Plaintiffs—Joseph R. Rulison

        ii.    Defendants—Robert Reidy and Jon S. Ahern, CPA

    2.    witnesses who may be present at trial:

        i.    Plaintiffs—None

        ii.    Defendants—None

    3.    witnesses where testimony is expected to be presented by means of a deposition: and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:

        i.    Plaintiffs—None

        ii.    Defendants—None

## 7. EXHIBITS

(1)      Plaintiffs Exhibit List—Exhibit C, hereto

(2)      Defendants Exhibit List—Exhibit D, hereto

b.   Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed, with the exception of the deposition of Plaintiff's damages expert, Lari Masten which is scheduled for August 2, 2023.

## 9. SPECIAL ISSUES

Defendants request that the Court set deadlines for Rule 702 motions regarding the admissibility of expert testimony.

## 10. SETTLEMENT

a.   Counsel for the parties met in a Zoom mediation in December 2020 to discuss in good faith the settlement of the case.

b.   The participants in the settlement conference, included counsel and party representatives.

c.   The parties were promptly informed of all offers of settlement.

d.   Counsel for the parties and any pro se party do not currently intend to hold future settlement conferences.

e.   It appears from the discussion by all counsel and any pro se party that there is little possibility of settlement.

f.   Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. *Trial will be to a jury.*

2. *estimated trial time, one week,*

3. *situs of trial, the United States District Court for the District of Colorado, and*

4. *any other orders pertinent to the trial proceedings.*

DATED this _____ day of _____, 20_____.

BY THE COURT

_____
United States Magistrate Judge
APPROVED:

/s/ *Richard B. Podoll*  .        /s/ *Adam B. Stern*  .
Richard B. Podoll                 Timothy R. Beyer
Robert A. Kitsmiller              Adam B. Stern
Jacqueline E.M. Hill              Bryan Cave Leighton Paisner LLP
PODOLL & PODOLL, P.C.             1700 Lincoln Street, Suite 4100
5619 DTC Pkwy, Suite 1100         Denver, Colorado 80203
Greenwood Village, Colorado 80111 Tel : (303)861-7000
(303) 866-4000                    Email:tim.beyer@bclplaw.com
rich@podoll.net                   adam.stern@bclplaw.com
bob@podoll.net                    Attorneys for Defendants
jacqui@podoll.net
Attorneys for Plaintiffs